Moncure, J.
delivered the opinion of the court.
This was a proceeding under our statute, 2 Rev. Code of 1819, p. 234, § 3, to discontinue a public road. Two questions arise in the case.
First. Is an appeal to a Circuit court demandable as of right from an order of a County court discontinuing a public road? We are of opinion that it is, and that the case is both within the words and meaning of the act of assembly, Sup. Rev. Code, p. 145, § 30, which declares that appeals to a Circuit court shall be demandable as of right from the orders of a County or Corporation court, in controversies concerning mills, roads or the like. This opinion is not in conflict with the cases of Hill v. Salem, and Pepper's Ferry Turnp. Co., 1 Rob. R. 263, and Hancock v. Richmond and Petersburg Railroad Co., 3 Gratt. 328; in which it was decided that an appeal is not demandable of right to a Circuit court from an order of the County court affirming or disaffirming the report of commissioners appointed to assess the damages which would result from opening a road established by an act of incorporation. It is true, that in the latter case, Baldwin, J., in delivering the opinion of the court, said “ that the law authorizing appeals as of right from orders of the County courts in controversies concerning roads, is applicable only to a controversy concerning the establishment of a road.” But these words are to be construed in reference to the case in which they were used, and cannot be regarded as implying that the law is not also applicable to a controversy concerning the discontinuance of a road. As was said in *262 reference to that case by Allen, J., in The Chesapeake and Ohio Canal Co. v. Hoy & als., 2 Gratt. 523, “it merely decides that in the particular case an appeal was not demandable as of right.” The learned judge (Baldwin) was contradistinguishing controversies concerning the establishment of a road, from collateral controversies concerning damages occasioned by a road already established, as the road in that case had been by the act of incorporation; and intended only to say that an appeal was demandable of right in the former, but not in the latter cases. Wherever the existence of a public road is involved in a controversy, (whether it he to establish or discontinue the road,) the law authorizing appeals as of right applies to the case.
Secondly. Is it premature in a County court to entertain an application to discontinue a public road after it has been ordered to be established and opened, but •before it is actually opened, or put in a condition to he traveled or used by the public? We are of opinion that it is not. After a road has been ordered to be established and opened, it may be actually opened at any time that may suit the convenience of the county, and can only be discontinued in the mode prescribed by law. Suppose that a road is ordered to be opened; but after the lapse of years, and before it is actually opened, public and private convenience requires it to he discontinued. Can it not be discontinued without first incurring the labor, expense and inconvenience of opening it ? We think that it can. There is nothing in the terms of the law, and it would certainly be most unreasonable, to require the road to be actually opened for the purpose only of being discontinued.
■ The result of the foregoing opinion is, that the judgment must be reversed, and the case remanded to the Circuit court for further proceedings to be had therein.
Judgment reversed.